Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #073501
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

    Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 22-60998-tmr11 |
|---|---|
| B&G Property Investments, LLC | DECLARATION OF KEITH Y. BOYD IN SUPPORT OF DEBTOR'S MOTION FOR FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT |
| Debtor-in-Possession. | |

I, Keith Y. Boyd, declare and state as follows:

1.    I am the duly appointed manager of B&G Property Investments, LLC. B&G Property Investments, LLC is the Debtor-in-Possession in the above captioned case hereinafter referred to as "Debtor." I perform the duties of manager for the Debtor and manage all operational matters, including accounting, legal issues, marketing, development, insurance matters, and lenders. I am intimately familiar with Debtor's business and financial affairs. I have first-hand knowledge of the facts stated in this declaration and, if called as a witness, could testify competently thereto. I make this Declaration in support of Debtor's Motion for Final Order Authorizing Debtor to Obtain Secured Credit ("Motion").

2.    By way of Debtor's historical background, I declare:

Page 1 of 6    DECLARATION OF KEITH Y. BOYD IN SUPPORT OF DEBTOR'S MOTION FOR FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-60998-tmr11    Doc 55    Filed 10/21/22

a. Debtor is an Oregon limited liability company organized in approximately March of 2009 with its principal place of business located at 724 S. Central Ave., Suite 106, Medford, OR 97501.

b. The Debtor owns two parcels of land in West Point, Georgia.

c. The "West Point Rd." site is located at 7521 West Point Rd., West Point, Georgia 31833; this site is approximately 34 acres zoned for mixed use. The site currently has a single unoccupied residential structure on the property. The anticipated use of the West Point site is the development of approximately 360 apartment units in 12 buildings, together with appropriate amenities, including leasing/community office, swimming pool, fitness center, walking trails, etc.

d. The "Webb Rd." site is located at 170 Webb Rd., West Point, Georgia 31833; this site is approximately 34 acres zoned for mixed use. The site currently has a single unoccupied residential structure on the property. The Debtor has preliminary designs for the development of approximately 270 apartment units, together with appropriate amenities, including leasing/community office, swimming pool, fitness center, walking trails, etc. However, the Debtor is continuing to monitor market conditions, including the effect of the development of the West Point site, and, in response to market demand, development may instead focus on single family rentals (in whole or in part).

Page 2 of 6    DECLARATION OF KEITH Y. BOYD IN SUPPORT OF DEBTOR'S MOTION FOR FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-60998-tmr11    Doc 55    Filed 10/21/22

e. The Debtor also owns West Point, Georgia Development II, LLC ("WPGD"); WPGD owns a 1-acre parcel of land in West Point, Georgia. The site currently has a single residential structure on the property.

3. Debtor entered into negotiations with Legalist, Inc. (on behalf of certain investment fund(s) managed by it, "Legalist") for DIP financing as an exercise of the Debtor's sound and reasonable business judgment.

4. Debtor has exhausted its current financing with Launchpad Financial, LLC ("Launchpad") and faced a foreclosure sale pre-petition by Launchpad. The Launchpad indebtedness continues to accrue interest at 15% per annum. Moreover, the Debtor does not have the cash resources to complete the development work to qualify for construction financing for its real estate project in Georgia. That real estate is approved for multifamily residential buildings consisting of 720 units in 30 buildings and all common amenities for such a project. Alternatively, the Debtor must complete the development work to attract possible purchasers of the project. Realization of this development project is the best and most efficient way to realize full value on the assets of the estate and for the Debtor to repay its creditors.

5. The DIP Credit Agreement was negotiated in good faith and at arm's length and no alternative financing is available on equal or better terms.

6. Two and a half years ago Debtor had this apartment project fully approved, underwritten, and funded. Due to Covid-19, building prices increased dramatically, especially lumber prices which quadrupled, and the project funding was withdrawn, preventing further financing and development until costs normalized. Since then, the Debtor has continuously investigated the availability of project financing. As time passed, although

Page 3 of 6    DECLARATION OF KEITH Y. BOYD IN SUPPORT OF DEBTOR'S MOTION FOR FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-60998-tmr11    Doc 55    Filed 10/21/22

the construction and development team remained loyal, permits and approvals that had been obtained became outdated. Recently the construction costs dropped, and because the rental market having a reported 24,000 daily commuters coming to the area with many willing to pay even higher rents to save travel time costs and inconvenience, and the project location and quality so desirable, potential equity and senior lenders being sought began showing strong interests in providing both equity and senior debt financing for the project, so long as the prior permits and approvals were reinstated. The approvals are imminent but will take time to reestablish due to the huge volume of work resulting from other projects coming on line now that the financing market has returned. While the market was recovering, the Debtor did everything possible to hold on financially, including the principals borrowing money against their home, automobiles, and from private parties. This money was used to redesign the project to what is now a city approved 720 apartment units preliminary site plan design, and to cover other costs in the new start up in order to accommodate the huge rental market demand, and to cover and pay for contractual expenses in going forward. However, in spite of all of this successful effort and opportunity, the first position secured creditor began a foreclosure action giving the Debtor no time or opportunity to continue forward and pay all secured and unsecured creditors. As a result, the Debtor had no timely alternative but to file for chapter 11 protection. The Debtor is very fortunate to have worked out the terms of a DIP loan with Legalist, which is very well suited to provide the funds with which to have the time and money needed to cover ongoing overhead and other costs, including the costs associated with obtaining new project permits, approvals, landscape design, etc., all of which will lead to the acquisition of both equity and senior debt project financing sufficient to pay the DIP loan and to repay all unsecured

Page 4 of 6   DECLARATION OF KEITH Y. BOYD IN SUPPORT OF DEBTOR'S MOTION FOR FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-60998-tmr11    Doc 55    Filed 10/21/22

creditors. Utilizing the time, talent, and successful reputation of Legalist, as a well-staffed and competent lender able to assist in the court proceedings, will for these reasons overcome the stigma that is sometimes associated with chapter 11. In Debtor's opinion, as a bankruptcy attorney for many years, working with the Legalist staff, one of whom is a seasoned and competent attorney in his own right, will be of great value to these proceedings. Based on its own diligence, the Debtor concluded that Legalist offered the only certain, efficient, favorable, and agreeable lending terms to achieve a favorable overall outcome under the circumstances.

7. Debtor believes the terms of the DIP Loans are necessary, essential, and appropriate for the continued operation of the Debtor's business and/or the preservation of its estate and are in the best interests of the estate and its creditors.

8. Debtor believes to maximize the value of the Georgia real estate, the development and construction of the multifamily structure must be completed or the project sold at fair market value. Without cash resources and being under the cloud of a foreclosure proceeding will not allow the development project to complete. The DIP Loans will allow for the existing financing structure to be satisfied and make available $1.1 million to improve and ready the project for final approval and construction, completion, and pre-leasing, or for sale at a price that will allow the Debtor to pay all creditors in full. The required architectural apartment construction drawings, landscape design selections and installation, costs of updating all other approval fees and permits, marketing preparations for distribution in connection with pre-leasing activities (brochures, pamphlets, advertising, etc.), ground-breaking ceremony and events, and other related activities are needed to maximize pre-leasing apartments and occupancy.

Page 5 of 6   DECLARATION OF KEITH Y. BOYD IN SUPPORT OF DEBTOR'S MOTION FOR FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-60998-tmr11    Doc 55    Filed 10/21/22

9. Although the Motion does not contain a provision for a "priming" lien pursuant to Section 364(d) of the Bankruptcy Code, the proceeds from the DIP Loans are intended to satisfy the existing pre-petition liens against the Debtor's real estate. In addition, the initiation of certain challenges to Legalist's lien or debt (validity, priority, perfection, enforceability) will result in an event of default under the DIP Loans. I have been advised and am aware this type of provision is most often a concern in the cash collateral context (where the estate could be compromising challenges to claims and avoidance actions), but here, the terms of the DIP Loan and the associated lien(s) are being approved by the Court in advance and have the benefit of notice to creditors and other parties in interest. As from such provisions, I believe this Motion does not contain any of the "Discouraged Provisions" listed in LBF 541.5.

I hereby declare that the above statements are true to the best of my knowledge and belief and that I understand the above statements are made for use as evidence in Court and are subject to penalty for perjury.

Dated: October 20, 2022

/s/ Keith Y. Boyd
Keith Y. Boyd, Declarant

Page 6 of 6  DECLARATION OF KEITH Y. BOYD IN SUPPORT OF DEBTOR'S MOTION FOR FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 22-60998-tmr11   Doc 55   Filed 10/21/22

In re B&G Property Investments, LLC
Chapter 11 Case No.22-60998-tmr11

CERTIFICATE - TRUE COPY

DATE: October 20, 2022

DOCUMENT: DECLARATION OF KEITH Y. BOYD IN SUPPORT OF DEBTOR'S MOTION FOR FINAL ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT

    I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing on:

    See Attached List. (The original Service List is attached to the original copy filed with the Court only. Creditors may request a copy of the Service List by contacting the undersigned.)

by mailing a copy of the above-named document to each of the above in a sealed envelope addressed to the last known address. Each envelope was deposited into the postal system at Portland, Oregon, on the below date, postage prepaid.

    I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: October 20, 2022    VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #073501
    Of Attorneys for Debtor-in-Possession

Page 1 – CERTIFICATE OF SERVICE

Case 22-60998-tmr11    Doc 55    Filed 10/21/22