Melisa A. Button, OSB #116113
Hornecker Cowling LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501
mab@roguelaw.com
Of Attorneys for Forge Trust and Thomashefsky

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

In re:

B&G PROPERTY INVESTMENTS, LLC,

        Debtor.

Case No. 22-60998-tmr11
Chapter 11

RESPONSE TO MOTION TO DESIGNATE CREDITORS PURSUANT TO 11 U.S.C. 1126(e) (Doc. 181)

RESPONSE

Creditors Forge Trust and Thomashefsky, Trustee of the David W. Doner, Separate Property Trust, ("Thomashefsky Creditors") hereby respond to Debtor's Motion to Designate (Doc. 181) as follows:

Debtor's Motion makes sparse factual allegations about the Thomashefsky Creditors, as follows:

- Thomashefsky, Trustee, purchased Boyd's 47.2% membership interest for the sum of $10,000 at an execution sale (although, there is a dispute over whether that purchase includes voting and management rights).[1] (Doc. 181, para. 5).

---

[1] Debtor cites to ORS 63.249 for the rights of an assignee, but provides no authority that Thomashefsky, Trustee, is merely an assignee.

1-RESPONSE

- Thomashefsky Creditors submitted timely ballots rejecting the plan. (Doc. 181, para. 10).
- Thomashefsky Creditors objected to the Plan, "flatly stating that they sought removal of Boyd as manager of the Debtor and referencing the execution sale described in Paragraph 5, above, as justification for such removal." (Doc. 181, para. 12).

Based on these sparse and benign facts, Debtor makes spurious accusations against the motives of the Thomashefsky Creditors, as follows:

> Thomashefsky and Forge Trust seek and have sought to obstruct the process of this bankruptcy case to further an ulterior motive – control over management of the Debtor and to impugn the reputations of Boyd and Grove. Decl. of Douglas R. Ricks, ¶2, Ex. A. From the outset of this case, Thomashefsky and Forge Trust aggressively pursued an agenda of pressure and attack against the Debtor's existing management and ownership. (Doc 24, 61, 88, 97, 121, 161 ) Instead of working within the bankruptcy process, Thomashefsky and Forge Trust took outside measures in a bid to gain control over the Debtor and scuttle any attempt at reorganization of the Debtor. Decl. of Douglas R. Ricks, ¶2, Ex. A. Far from seeking to maximize the return on its claim, Thomashefsky and Forge Trust would leave the Debtor's primary asset, its real estate development, without any effective control or trajectory and destined back to the auction block in a foreclosure sale.

(Doc. 181, para. 18).

Thomashefsky Creditors' Objection is based on uncontroverted facts contained within Debtor's Disclosure Statement. Thomashefsky Creditors' position that Mr. Boyd should not continue to manage Debtor is supported by undisputed facts as to his personal and financial affiliation with Mr. Grove and DJ&M's preferential treatment compared to other creditors. Debtor accuses Thomashefsky Creditors of having an ulterior motive to "impugn the reputations of Boyd and Grove." Thomashefsky Creditors have only made true statements of fact or opinion. Debtor has not identified <u>any</u> false or misleading statements made by

2-RESPONSE

Thomashefsky Creditors. Debtor is misusing the Bankruptcy Code to attempt to exclude and silence those creditors who object to the Plan and Boyd and Grove's continued influence over Debtor.

Thomashefsky Creditors have exercised their lawful remedies, including collection efforts against Mr. Boyd arising from his personal guarantee of the debts. Debtor suggests that there is something untoward about the purchase of the 47.2% membership interest. Yet, Debtor does not question whether its other members have any bias in their conduct in this case. Again, Debtor's sole aim is to silence any dissent.

Thomashefsky Creditors' actions have consistently been aimed to maximize the distribution to unsecured creditors. Thomashefsky Creditors will not receive any distribution from Debtor, except through a distribution to general unsecured creditors. Thomashefsky Creditors have consistently urged action to avoid the DJ&M trust deed in order to make roughly $3 million in potential equity available to unsecured creditors. This is the most likely manner that the unsecured creditors will receive any meaningful distribution from Debtor. Contrary to Debtor's assertions, Thomashefsky Creditors have consistently opposed foreclosure of the Property. *See, e.g.*, Doc. 121. The implication of Debtor's Motion is that creditors must blindly trust Debtor and its management and anything less is bad faith. Thomashefsky Creditors are not alone in disbelieving the lofty projections contained in the Plan. Both the U.S. Trustee and Unsecured Creditors Committee have objected to the feasibility of the Plan, addressing the issue in detail. (Doc. 162, 169).

WHEREFORE, Debtor's Motion should be denied. Debtor's Motion is without factual basis and brought as an abuse of process to silence creditors who oppose the Plan and who have

3-RESPONSE

exercised their lawful remedies. If Debtor persists in pursuing its Motion to Designate, sanctions should be imposed against Debtor under 11 U.S.C. 105(a).

DATED: May 31, 2023.

HORNECKER COWLING, LLP

/s/ Melisa A. Button
Melisa A. Button, OSB No. 116113
Of Attorneys for Forge Trust and Thomashefsky

4-RESPONSE

CERTIFICATE OF SERVICE

    I hereby certify that on May 31, 2023, the foregoing Response was served electronically via ECF to all parties included on the Court's CM/ECF electronic service list.

    Dated: May 31, 2023.

/s/ Melisa A. Button<br>
Melisa A. Button, OSB No. 116113<br>
Of Attorneys for Forge Trust and Thomashefsky