**Below is an order of the Court.**

*[signature]*

**U.S. Bankruptcy Judge**

OPVT (5/4/21) jth

**UNITED STATES BANKRUPTCY COURT**  
**District of Oregon**

| | |
|---|---|
| In re<br>**B&G Property Investments, LLC**<br>Debtor(s) | ) <br>) Case No. **22–60998–tmr11**<br>) <br>) ORDER ESTABLISHING<br>) PROCEDURES FOR VIDEO TRIAL<br>) <br>) <br>) |

A trial or evidentiary hearing (hereafter "trial") has been scheduled as follows:

Notice of Hearing Re: 148 Motion to Allow Claim Creditor Charles McGlade's Motion to Temporarily Allow Claim for Purposes of Voting on Debtor's First Amended Plan of Reorganization and Supporting Document(s). Filed by Creditor Charles McGlade (Attachments: # 1 Exhibit Exhibits 1–9 # 2 Exhibit Exhibits 10–18) (KEKEL, ERIC), 152 Motion to Strike Filed by Debtor B&G Property Investments, LLC Re:148 Motion to Allow Claim Creditor Charles McGlade's Motion to Temporarily Allow Claim for Purposes of Voting on Debtor's First Amended Plan of Reorganization and Supporting Document(s). Filed by Creditor Charles McGlade (Attachments: # 1 Exhibit Exhibits 1–9 # 2 Exhibit Exhibits 10–18) (KEKEL, ERIC) filed by Creditor Charles McGlade (RICKS, DOUGLAS). Hearing Scheduled for 7/27/2023 at 10:00 AM by Video Hearing. Visit www.orb.uscourts.gov/video–hearings for connection information. (jth)

Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, made applicable here by Rule 9017 of the Federal Rules of Bankruptcy Procedure, the current pandemic provides "good cause in compelling circumstances" to conduct the trial remotely through the use of videoconferencing technology.

Further, the court finds that the procedures adopted herein will provide "adequate safeguards" for purposes of Federal Rule of Civil Procedure 43(a) and ensure due process of law. These procedures will (i) enable the court to identify, communicate with, and judge the demeanor of all witnesses in real time, (ii) enable counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the court in real time, (iii) enable the parties, the witnesses and the court to have simultaneous access to an identical set of marked exhibits, (iv) avoid any undue influence or interference with the witnesses in connection with their testimony, and (v) preserve the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the court deems appropriate.

Accordingly, it is hereby **ORDERED** as follows:

1. <u>Video Trial</u>. The trial will take place using Zoom for Government. Participants in the trial must connect with the court using the links and information provided at https://www.orb.uscourts.gov/video–hearings and will not be present in the courtroom. Guidance and best practices for using the technology are available at www.orb.uscourts.gov/video. The attorneys and self–represented parties involved in this trial must provide this order to each of their clients and witnesses and verify that each of their clients and witnesses understands how to, and is able to, participate in the trial using this technology.

2. <u>Required Equipment</u>. For purposes of participation in the trial, each trial participant must have simultaneous access to (1) a computer equipped with a camera that is capable of receiving and transmitting video and audio (using a headset or the device's speakers), (2) internet browsing software that is adequate for using Zoom for Government, (3) an internet connection with bandwidth adequate to support use of Zoom, and (4) Adobe Acrobat Reader or other PDF (portable document format) viewing software to review exhibits.

3. <u>List of Witnesses</u>. By the later of the date set in any scheduling order, or **7** days before the trial if there is no scheduling order, each party must file a witness list. The witness list must identify the name of each witness, other than those called solely for impeachment purposes. The witness list must also contain a brief summary of the matters about which the witness will testify. This requirement is in addition to any requirements previously established by the court for the parties to disclose to each other, by a date certain, the identity of the witnesses they intend to present at trial. Any witness whose name is not included on a party's witness list will not be allowed to testify except for good cause shown or solely for the purpose of impeachment.

4. <u>Electronic Submission of Trial Exhibits</u>. By the later of the date set in any scheduling order, or **7** days before the trial if there is no scheduling order, the parties must file on the docket each exhibit the parties may use at trial for any purpose, other than rebuttal exhibits for which the need could not then reasonably be foreseen, and impeachment exhibits. Exhibits must be marked as required by any scheduling order or, if there is none, by LBR 9017-1(b). ECF participants must file exhibits in a single CM/ECF docket entry, with the exhibit list as the main document and each exhibit as a separately identified attachment. Self-represented individual parties who are not ECF participants may file their documents electronically at https://www.orb.uscourts.gov/webform/public-document-upload, by faxing documents with a cover page that includes the party's telephone number and email address to 1-213-401-1577, or by mailing documents to the court at 1050 SW 6th Avenue #700, Portland, OR 97204 or 405 E 8th Ave. #2600, Eugene, OR 97401 so that the document reaches the court by the deadline. Each attorney or self-represented individual party must provide all parties' exhibits to each witness called by that attorney or party and ensure that each such witness can open the exhibits and have them readily available during the trial. Any declaration submitted in lieu of direct testimony must be listed and filed as an exhibit. Except for good cause shown, no exhibits will be received in evidence at trial unless presented in accordance with any applicable scheduling order and this order.

5. <u>Exhibit for Impeachment or Rebuttal</u>. If a party wishes to introduce into evidence an exhibit that was not required to have been filed by the deadline set by paragraph 4, the party may request a brief recess to allow the exhibit to be filed and served.

6. <u>Redaction of Trial Exhibits</u>. Because exhibits will be filed as public court records, each party must redact (by removing, blacking out, or otherwise making illegible) the following information: any individual's social-security or tax-identification number, except the last four digits; the birth date of an individual, except the birth year; the name of an individual, other than the debtor, known to be and identified as a minor, which must be replaced by the minor's initials; and any financial-account number, except the last four digits. This redaction requirement does not apply to the types of information listed in Federal Rule of Bankruptcy Procedure 9037(b).

7. <u>Witness Testimony</u>.

    a. The court will administer an oath or affirmation to all witnesses in the same manner as if the witness were sworn and testified in open court.

    b. Witnesses must provide their testimony from a quiet room and must position themselves so as to be able to view the video feed and be seen by the court.

    c. While witnesses are testifying, they may not view any tangible or electronic documents except the exhibits submitted by the parties pursuant to paragraphs 4 and 5 above and may not communicate, by electronic means or otherwise, with any other person regarding the subject of their testimony.

8. <u>Courtroom Formalities</u>. Although conducted using videoconferencing technology, the trial constitutes a court proceeding. No person may record––from any location or by any means––the audio or video of the trial. The audio recording created and maintained by the court will constitute the official record of the trial. Further, the formalities of a courtroom must be observed. Trial participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the court and its proceedings.

9. <u>Technical Preparation</u>. The court may schedule a session for the purpose of testing the audio and video conference technology. All parties and witnesses must cooperate with court staff and make themselves available for the testing. All participants are admonished not to discuss the substance of the trial during testing, but instead to limit their comments to the functionality of the technology and any procedural adjustments that may be necessary and appropriate to address any issues with the technology.

###